**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert E. Scott,<br><br>            Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>            Defendant. | No. CV-12-0363-PHX-DGC<br><br>**ORDER** |

On July 25, 2012, Robert Scott ("Plaintiff" or "the claimant") filed an opening brief challenging the Commissioner's denial of his application for Social Security benefits. Doc. 19. The Commissioner filed a response on August 8, 2012. Doc. 20. Because Plaintiff did not file a reply brief within fifteen days after the service of Defendant's brief or seek an extension of that deadline, the Court considers the appeal fully briefed. Doc. 14. For the reasons that follow the Court will deny the Plaintiff's appeal of the Commissioner's determination.

**I.      Factual Background.**

Plaintiff filed an application for disability insurance benefits and supplemental security income in February 2007, alleging disability beginning December 1, 2003. His application for benefits was originally denied by an Administrative Law Judge ("ALJ") on April 2, 2009, and Plaintiff appealed the decision to federal district court. On June 8, 2010, the district court entered an order remanding the case to the agency for further proceedings and the case was referred back to the ALJ. The ALJ expanded the record,

held an additional hearing, and, on October 25, 2011, again found that the Plaintiff did not qualify for benefits. This appeal followed.

## II.     Legal Standard.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

## III.    Analysis

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a sequential five-step evaluation process. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20

C.F.R. § 404.1520(a)(4)(i)-(v).

The ALJ found that Plaintiff is not engaged in substantial gainful employment and suffers from attention deficit hyperactivity disorder, bipolar disorder, personality disorder with explosive and anti-social traits, and a history of drug use in remission. Tr. at 354. The ALJ found the combination of these impairments to be severe, satisfying step two. *Id.* He did not find Plaintiff's essential tremor to be a severe impairment. *Id.* at 355. At step three, the ALJ considered the medical evidence and concluded that the claimant does not have an impairment or combination of impairments that meets or equals the severity of one of the impairments listed in the regulations. *Id.* The ALJ then considered the medical evidence and relevant statements and testimony and concluded that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). *Id.* at 356. Plaintiff was limited, however, to "unskilled work with no requirement for interaction with the public and no dependence on co-workers in order to do the work." *Id.* At step five, the ALJ considered the testimony of the vocational expert and concluded that Plaintiff could perform his past relevant work as a housekeeper, or, in the alternative, that there are other jobs existing in substantial numbers in the national economy he could perform. *Id.* at 363-64. Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id* at 365.

Plaintiff's brief raises five questions:

1. Did the ALJ err in finding the claimant's hand tremors are a non-severe impairment?

2. Did the ALJ err in giving more weight to the opinions of non-examining medical sources than to the opinions of examining and treating medical sources?

3. Did the ALJ provide appropriate reasons for rejecting the testimony from Scott, his parents, and the third party statements submitted in the case?

4. Did the ALJ err in finding at step three that the claimant's condition did not meet or equal a listing?

5. Did the ALJ err at steps four and five in finding the claimant was capable of performing his past relevant work as well as other work in the national economy?

- 3 -

Doc. 19 at 1. The court will consider each question in turn.

### A.     Consideration of Essential Tremors at Step Two.

Plaintiff argues that the ALJ's finding that the essential tremors in his hands were not a severe impairment is not supported by the record. Doc. 19 at 13. Federal regulations provide that an impairment "is not severe if it does not significantly limit [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Courts have generally "imposed a narrow construction upon the severity regulation." *Yuckert v. v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing SSR 85-28, 1985 WL 56856, at *2-3 (1985)). Thus, "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)) (emphasis in original). If such a finding is not clearly established by medical evidence, "adjudication must continue through the sequential evaluation process." SSR 85-28, 1985 WL 56856, at *3-4. "Step two, then, is 'a de minimis screening device used to dispose of groundless claims[.]'" *Webb*, 433 F.3d at 687 (quoting *Smolen*, 80 F.3d at 1290) (alteration omitted).

The ALJ found that the essential hand tremors were not severe because they were controlled with medication and because the treating physician indicated that Plaintiff could perform his hobby of working on models "without much tremor." Tr. at 355. Even if this evidence is insufficient to clearly establish non-severity, the ALJ's error in not including it at this step in the analysis is harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless"). Because the ALJ determined that other conditions considered together were severe, he proceeded with his analysis and included in that analysis the evidence of tremors. Tr. at 359. Therefore, even if the ALJ did err at step two, the Court finds it harmless.

- 4 -

### B. Weight to Medical Sources.

Plaintiff argues that the ALJ erred in giving more weight to the evidence provided by a non-examining physician than to an examining physician. Doc. 19 at 13-17. While the "ALJ must consider all medical opinion evidence," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), "[t]he medical opinion of a claimant's treating physician is entitled to 'special weight,'" *Rodriquez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ may reject the opinion of a treating or examining physician by making "'findings setting forth specific legitimate reasons for doing so that are based on substantial evidence in the record.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (internal citation omitted). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Id.* Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

Plaintiff contends that the ALJ improperly discounted the testimony of Dr. Woodward, Ph.D., a licensed psychologist who examined Plaintiff at the request of the state agency. As a result of her examination, Dr. Woodward provided a long list of Plaintiff's mild, moderate, and marked limitations with respect to functioning in the work place. Tr. at 362-63. The ALJ considered Dr. Woodward's testimony as an examining physician, but rejected it because it was contrary to the treating physician's treatment notes which indicated that over the course of several years of treatment Plaintiff was doing well on his medication. *Id*. Dr. Woodward's report also stated that Plaintiff was more limited in his ability to get along with co-workers than he was with supervisors, and the ALJ noted that this was not consistent with other testimony that Plaintiff's outbursts were often triggered by others telling him what to do. *Id.* 20 C.F.R. § 404.1527(c)(4)

provides that consistency with the record as a whole is a valid factor for weighing medical testimony, and in *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), the Ninth Circuit held that "[i]mpairments that can be controlled effectively with medication are not disabling." The Court therefore finds that the ALJ provided specific, legitimate reasons for rejecting Dr. Woodward's testimony that are based on substantial evidence in the record.

After the ALJ's first determination was overturned and remanded for further development, a new letter from Plaintiff's treating physician, Dr. Burrell, was included in the record. Tr. at 469. Plaintiff claims that the letter from Burrell is meant to clarify his short and somewhat conclusory treatment notes and that, as clarified, Dr. Burrell's conclusions do not conflict with Dr. Woodward's. Doc. 19 at 15. Dr. Burrell stated that Plaintiff "would not be able to function in any capacity to be employable" and that despite his medication he is still subject to explosive mood swings within a single day. Tr. at 362. The ALJ considered Dr. Burrell's additional statement, but rejected his conclusions because they were "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." *Id*. The ALJ found that the course of treatment – continued care by a primary physician with no referrals to specialists – is not consistent with the conclusion that the claimant is truly disabled. *Id.* The ALJ also found that Dr. Burrell's opinion sharply contrasts with his own treatment notes stating that Plaintiff's "moods are stable and that he has less anger with his medication." *Id*. As noted above, the ALJ need not accept a doctor's opinion that is conclusory and conflicts with his treatment notes and the course of treatment that he proscribed. *See Thomas*, 278 F.3d at 957.

The ALJ accorded substantial weight to the opinions of Dr. Baily and Dr. Marks, although he noted that those physicians were non-examining and "therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians." Tr. at 363. The ALJ felt that these opinions deserved weight because "there exist a number of other reasons to reach similar conclusions." *Id.*

Specifically, the ALJ found that the opinions of Drs. Bailey and Mark were consistent with Dr. Burrell's treatment notes and that nothing in the record directly contradicted their conclusions. *Id*. The opinions of the non-treating physicians are supported by Dr. Burrell's treatment notes, and the ALJ therefore did not err in according these opinions significant weight. "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957.

### C. Lay Testimony.

#### 1. Plaintiff's Credibility.

The ALJ must engage in a two-step analysis to evaluate the credibility of a claimant's subjective testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the claimant meets this first test, and there is no evidence of malingering, then the ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).[1] "The ALJ may

---

[1] Defendant argues that the clear and convincing standard does not apply on the basis of the Ninth Circuit's en banc decision in *Bunnell*. 947 F.2d at 341, 345-46. In that case, the Court of Appeals stated that to discredit a claimant's subjective complaints the ALJ must make findings "properly supported by the record" that are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Id*. Defendant argues that subsequent cases that have articulated a "clear and convincing" standard are not binding because only an en banc panel can overrule *Bunnell*. Doc. 20 at 18 (citing *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996)). The Court finds this argument unpersuasive. Subsequent cases have explained that an ALJ "may only find an applicant not credible by making specific findings as to credibility *and* stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (emphasis added); *see also Lingenfelter*, 504 F.3d at 1036. Thus, the cases applying the "clear and convincing" standard do not contradict or overturn *Bunnell*. Furthermore, numerous cases have applied the clear and convincing standard. *See, e.g., Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011); *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Lingenfelter*, 504 F.3d at 1036; *Robbins*, 466 F.3d at 883.

consider at least the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in the claimant's testimony or between her testimony and her conduct, the claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997)).

The ALJ found that the "medically determinable impairments could reasonably be expected to cause only some of the alleged symptoms." Tr. at 360. The ALJ found that Plaintiff's described daily activities are "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." *Id.* Specifically, the ALJ noted that Plaintiff told Dr. Woodward that he could help his father around the house, work on model aircraft, ships, submarines, or Star Trek reproductions, and that he spent his time checking e-mail and participating in an internet forum for those interested in model aircraft. *Id.*

Plaintiff claims that these activities are the same cited by the ALJ in its original opinion and which the district court rejected, stating that the "the mere fact that a claimant carries on certain daily activities does not detract from the claimant's credibility as to his overall disability." Tr. at 419. Defendant counters that inconsistencies between daily activities and reported symptoms are permissible forms of evidence. Doc. 20 at 20 (citing *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010)).

While the evidence of daily activities was not enough for the district court to uphold the ALJ's original decision, here the ALJ has also noted that the claimant's characterizations of frequent outbursts of anger and violence contrast sharply with the treating physician's treatment notes, to which the ALJ lent significant weight. Tr. 360. The ALJ concedes that the treatment notes are often brief and conclusory, but they do contain Plaintiff's reports to his physician and the physician's reactions to those reports. *Id.* The notes state that the Plaintiff's mood was improving on his medication from September 2004 until July 2006. Despite a report of some worsening in the spring and

- 8 -

summer of 2007, Plaintiff was again reported as having improved by October 2007. Furthermore, despite one episode in July 2009 and some worsening in 2010, the ALJ found that "his mood has been noted to be generally stable" and provided appropriate citations to the record for that conclusion. *Id.* The ALJ also relied upon the fact that, for all but several months, Plaintiff has only been under the treatment of a primary care physician and that he reported to his treating physician that his symptoms have largely been controlled by medication. *Id*. Finally, the ALJ considered the fact that Plaintiff only made his claim for social security benefits because he was compelled to do so by a state agency. *Id.* at 361.

Evidence of Plaintiff's daily activities and the fact that he was compelled to apply for social security benefits have some limited evidentiary value. More compelling is the fact that Plaintiff's characterizations of his alleged disability contradict ongoing reports to his treating physician over the course of years. Throughout the opinion the ALJ lends particular weight to the treatment notes, and although the ALJ acknowledges that they are sometimes conclusory, he determines that a contemporaneous record made for the purposes of treatment is more reliable then potentially self-serving statements after the fact. The Court finds the ALJ's reliance on the treatment record sufficient to meet the burden of providing clear, convincing, and specific reasons for discounting Plaintiff's testimony.

### 2. Third Party Testimony.

In the Ninth Circuit, an ALJ "must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. § 404.1513(d)(4) & (e)). "Indeed, 'lay testimony as to the claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment.'" *Id.* (emphasis in original; citation and alteration omitted); *see* 20 C.F.R. § 404.1545(a)(3). Social Security regulations recognize that "other sources" may have special knowledge of an individual and can provide insight into her impairments and ability to function. *See*

SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). Consequently, "[i]f the ALJ wishes to discount the testimony of [a] lay witness[], he must give reasons that are germane to [that] witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff argues that the ALJ improperly rejected the testimony of Plaintiff's parents and other third parties regarding Plaintiff's ability to work. The ALJ expressly considered the opinions of Plaintiff's parents, but found that their testimony regarding frequent violent outbursts was contradicted by Dr. Burrell's treatment notes that generally concluded that Plaintiff's "moods are stable and that he has less anger with his medication." Tr. at 361-62. The ALJ considered and rejected the testimony of Leslie Oable because it too conflicted with the treatment record and because she described only one incident of anger and claimed that she otherwise got along well with Plaintiff. *Id.* The ALJ considered the testimony of Bob and Debi Rankin regarding Plaintiff's workplace behavior in 1991, but gave it little weight because the behavior took place long before the disability period. *Id.* Finally, the ALJ discounted statements by Dale Dwight about Plaintiff's behavior because he was not specific with regard to the frequency of Plaintiff's outbursts and because he also stated that the Plaintiff was sometimes a "very pleasant young man and capable worker." *Id.*

With respect to each lay person, the Court finds that the ALJ considered his or her testimony and provided reasons for discounting it that are germane to each witness. *Dodrill*, 12 F.3d at 919.

### D. Plaintiff's Impairment Meet or Equal a Listed Condition.

Plaintiff argues that the record supports a finding that his impairments met or medically equaled listing 12.04 (affective disorder) and 12.08 (affective disorder). The listings at 20 C.F.R. pt. 404, supt. P, app. 1, cover medical conditions that automatically warrant a finding of disability. In order to show that an impairment matches a listing, the claimant must show that it "meet[s] *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Not only must the claimant meet the specific criteria of the section A listing, but he must also establish the required

level of severity by establishing the section B or section C criteria.  20 C.F.R. pt. 404 subpt. P, app. 1, §§ 12.04, 12.08. To meet the B criteria for section 12.04 or 12.08, the claimant must show two of the following:  marked restriction in activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace, or repeated episodes of decompensation, each of extended duration.  *Id.*  The C criteria require a showing that his adjustment is so marginal that even a minimal increase in mental demands would cause the individual to decompensate. *Id.*

The ALJ considered each of these listings and found that Plaintiff did not meet them.  The ALJ cited specific evidence – particularly noting Plaintiff's daily activities, low-average intelligence, and intact memory processes – and concluded that Plaintiff did not have "marked" difficulties in any of the categories. Tr. at 355-56.  While the ALJ did find evidence of one or two instances of decompensation, he did not find evidence that such episodes were "repeated."  Tr. at 356.  The ALJ also found that Plaintiff was "independent and capable of functioning outside of a highly supportive arrangement," and that there was "nothing to suggest that she (sic) is incapable of handing (sic) marginal adjustments." *Id*.

The Court finds that the ALJ cited sufficient evidence to conclude that the claimant did not show that his impairments met the criteria of one of the listed conditions. Where there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

### E. Past Relevant Work and Work in the National Economy.

Plaintiff argues that if the evidence that the ALJ discounted regarding outbursts of anger and hand tremors were reinstated, then the ALJ would have incorrectly found that Plaintiff was capable of performing his past unskilled light work as a housekeeper.  The Court has found, however, that the ALJ properly discounted that evidence.  Thus, the hypothetical presented to the vocational expert included all of Plaintiff's credible

limitations. *Robbins*, 466 F.3d at 886 ("the ALJ must only include those limitations supported by substantial evidence" (citation omitted)). Accordingly, the ALJ did not err in finding that Plaintiff could perform his past unskilled light work as a housekeeper or similar other work that exists in substantial numbers in the national economy. Tr. at 363-65.

**IT IS ORDERED** that Plaintiff's appeal of the Commissioner's decision is **denied.**

Dated this 21st day of November, 2012.

David G. Campbell
United States District Judge